UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHEAL CAMBRIDGE,

    Petitioner,

-vs-                                                                 Case No.  8:07-CV-1981-T-27TBM

JAMES MCDONOUGH, SECRETARY,
DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner's Micheal Cambridge (hereinafter "Cambridge") 28 U.S.C. § 2254 petition for writ of habeas corpus. Cambridge challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pinellas County, Florida.

**BACKGROUND**

On January 16, 2002, Cambridge was found guilty of a lewd and lascivious act, and he was sentenced to 15 years incarceration. Cambridge appealed, and on December 5, 2003, the state district court of appeal per curiam affirmed the conviction and sentence. *See Cambridge v. State*, 869 So.2d 550 (Fla. 2nd DCA 2003) [Table]. On December 19, 2003, Cambridge filed a motion for rehearing which the state district court of appeal denied on January 13, 2004.[1]

---

[1] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed April 18, 2008, http://www.2dca.org/the_clerk's_office.htm, *see* Fed. R. Evid. 201, which reveals the date Cambridge filed his motion for rehearing, and the date the appellate court denied the motion. Also, Cambridge alleges in his petition that rehearing was denied on January 13, 2004 (Dkt. 1 at 2).

Cambridge next filed a Rule 3.850 motion for post-conviction relief on September 8, 2004, which was denied. Cambridge appealed, and on July 8, 2005, the state district court of appeal per curiam affirmed the denial of Rule 3.850 relief in case no. 2D05-127. *See Cambridge v. State*, 907 So. 2d 523 (Fla. 2nd DCA 2005) [table]. The mandate issued August 8, 2005.[2]

Cambridge signed the present pro se 28 U.S.C. § 2254 petition for writ of habeas corpus on October 25, 2007 (Dkt. 1 at 38). On December 5, 2007, the Court ordered Cambridge to show cause why his petition should not be dismissed as time-barred (Dkt. 5). On December 12, 2007, Cambridge signed his response to the Court's December 5, 2007 order to show cause (Dkt. 6).

## DISCUSSION

The present petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. Under 28 U.S.C. § 2244(d)(1), persons in custody pursuant to a judgment of a state court may file petitions for habeas corpus within one year of any of four dates specified by the statute. The time during which a properly filed, application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2).

For purposes of 2244(d), Cambridge's state judgment became final April 14, 2004, upon expiration of the time for seeking certiorari review of the December 5, 2003 affirmance in Cambridge's direct appeal, and the appellate court's subsequent denial of Cambridge's motion for

---

[2] The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed April 18, 2008, http://www.2dca.org/the_clerk's_office.htm, *see* Fed. R. Evid. 201, which reveals the date of the mandate as August 8, 2005.

2

rehearing on January 13, 2004. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Thus, his AEDPA limitations period commenced April 15, 2004.

A period of 145 days of the one-year period elapsed between April 15, 2004, and September 8, 2004, when Cambridge file his Rule 3.850 motion. Cambridge's Rule 3.850 motion was pending until issuance of the mandate in the ensuing collateral appeal on August 8, 2005. Thereafter, an additional 808 days elapsed before Cambridge signed the present federal petition on October 25, 2007. Thus, the present petition is untimely.

## EQUITABLE TOLLING

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005)(because Respondent assumed equitable tolling applied and because Petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)(holding equitable tolling is an extraordinary remedy that is typically applied sparingly; however, it is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence).

It appears Cambridge does not dispute the federal petition is untimely. However, in his response to the Court's December 5, 2007 order to show cause, Cambridge argues his petition

3

should not be time-barred because on July 21, 2005, he mailed a motion for rehearing of the state appellate court's July 8, 2005 affirmance of the denial of his Rule 3.850 motion, and he believed that the motion for rehearing was still pending review in the state appellate court.[3] He claims that he "filed his instant 2254 petition out of frustration after waiting over 2 calendar years on an answer to the 2nd DCA 'rehearing' in 2D-05-127." (Dkt. 6 at 1).

Cambridge's allegations, as stated, are insufficient to establish entitlement to equitable tolling. Cambridge's allegations do not support a finding that extraordinary circumstances prevented him from filing a timely federal petition or that he exercised due diligence. The extraordinary circumstances standard applied in this Circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. *See Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). Here, Cambridge does not demonstrate extraordinary circumstances that would prevent a timely filing and does not assert a basis upon which to conclude he used due diligence in seeking federal habeas corpus relief.

Whether a habeas petitioner has exercised due diligence is context-specific, and the essential question is "whether the petitioner should be expected to take actions which would lead him to the information." *Wilson v. Beard*, 426 F.3d 653, 661-62 (3d Cir. 2005). While the due diligence standard does not require "the maximum feasible diligence," it does require reasonable diligence in the circumstances. *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).

"A lengthy delay between the issuance of a necessary order and an inmate's receipt of it

---

[3]The Court takes judicial notice of information available on the database maintained by the Clerk of Court, Florida Second District Court of Appeal, viewed April 18, 2008, http://www.2dca.org/the_clerk's_office.htm, *see* Fed. R. Evid. 201, which reveals that a motion for rehearing was not filed in case no. 2D05-127.

4

might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition." *Drew*, 297 F.3d at 1288. "[A] prisoner's lack of knowledge that the state courts have reached a final resolution of [her] case can provide grounds for equitable tolling *if the prisoner has acted diligently in the matter.*" See *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)(emphasis added). Here, Cambridge fails to demonstrate he acted diligently. He does not state that he made a single inquiry as to the status of his motion for rehearing between July 21, 2005, the date he allegedly mailed his motion for rehearing to the appellate court, and October 25, 2007, the date he filed his instant federal habeas petition "out of frustration after waiting over 2...years on an answer to [his motion for rehearing."]. Attempting to ascertain the status of his motion for rehearing was "a burden necessary to sustaining [Cambridge's] claim of extraordinary circumstances." *Id.*; *see also, e.g., LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005)(Petitioner "did not exercise the requisite due diligence by allowing more than twenty-one months to lapse from the filing of his petition for allowance of appeal until he inquired with the Pennsylvania Supreme Court's Prothonotary's Office as to its status."). Moreover, the state appellate court's mandate issued on August 8, 2005, which would have provided Cambridge with notice that his appeal was final, and Cambridge does not allege he never received a copy the mandate. He appears to claim that he had no reason to inquire into the status of his motion for rehearing because of long delays he experienced regarding his resentencing in another criminal case, i.e., the delays in his other case led him to believe that there was nothing unusual about the appellate court's delay in ruling on his motion for rehearing. However, that argument is belied by the fact that on December 19, 2003, he filed a motion for rehearing on direct appeal of his

5

conviction, and the state appellate court denied the motion for rehearing on January 13, 2004.

**CONCLUSION**

Cambridge's federal habeas petition is untimely. In light of his own lack of diligence, Cambridge is not entitled to equitable tolling. Therefore, his petition will be dismissed as time-barred.

Accordingly, the Court **ORDERS** that:

1. Cambridge's petition (Dkt. 1) is dismissed, as time-barred.

2. The Clerk is directed to enter judgment against Cambridge and to close this case.

**DONE AND ORDERED** in Tampa, Florida, on April 21st, 2008.

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to: Petitioner *pro se*